IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOE ANN GARCIA,

    Plaintiff,

v.                                            CASE NO. 1:12-cv-06-SPM-GRJ

MICHAEL J ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    Pending before the Court is Doc. 11, Defendant's Motion to Remand. Defendant requests the Court to remand this case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings. Pursuant to Local Rule 7.1(b), counsel for Defendant represents that he has conferred with counsel for Plaintiff and Plaintiff does not object to the relief requested.

    Title 42, United States Code, Section 405(g), empowers the Court to reverse the decision of the Commissioner with or without remanding the cause for a rehearing.[1] Where the district court cannot discern the basis for the Commissioner's decision, a sentence four remand may be appropriate to allow him to explain the basis for his decision.[2] On remand under sentence four, the administrative law judge ("ALJ") should review the case on a complete record, including any new material evidence.

---

[1] Shalala v. Schaefer, 509 U.S. 292 (1993).

[2] Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984).

Following a careful review of the record and Plaintiff's brief, the Court agrees that it is appropriate to remand this matter to the Commissioner.  The ALJ's decision fails to provide sufficient reasoning for the Court to determine whether the Commissioner's decision to deny benefits is supported by substantial evidence.

Accordingly, upon due consideration it is **ORDERED**:

1.  Defendant's Motion to Remand (Doc. 11) is **GRANTED**.

2.   The Commissioner's decision denying benefits to Plaintiff is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. On remand, the ALJ should be instructed that the Appeals Council vacated all prior decisions and the ALJ should be directed to evaluate the medical opinions with express consideration of the medical opinions of Jesse Lipnick, M.D., and Lance Chodosh, M.D. Additionally, the ALJ should be directed to clarify the mental limitations described as "moderate" in the residual functional capacity in terms of specific functional work-related abilities. If warranted the ALJ will seek additional vocational evidence. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Gainesville, Florida, this 7th day of August 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge